Middlesex Mut. Assurance Co. v. Eucker, No. 234-5-13 Bncv (Wesley, J. Mar. 24, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Bennington Unit** | **Docket No. 234-5-13 Bncv** |

| | |
|---|---|
| **Middlesex Mutual Assurance Company, Plaintiff.**<br><br>**v.**<br><br>**Catherine G. Eucker, Defendant/Third-Party Plaintiff,**<br><br>**v.**<br><br>**TPW Management, LLC., Third-Party Defendant.** | |

## Opinion and Order
## Granting Defendant/Third-Party Plaintiff's Motion to Compel Response to Interrogatories

On February 7, 2014, Catherine Eucker filed a motion to compel discovery. Eucker sent TPW Management, LLC., several discovery requests. Specifically, Eucker sent TPW interrogatories that sought information about TPW's financial records. For many of the responses, TPW used this statement:

"Objection. This request is overly broad, unduly burdensome and seeks documents which are confidential, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery under V.R.C.P. 26."

Eucker also made several requests for document production. Eucker asserts the documents produced did not completely respond to her requests.

On February 13, 2014, TPW opposed Eucker's motion to compel. TPW argued Eucker's requests are premature because the Court may decide to stay the civil case. TPW also requested adequate time to respond to Eucker's discovery requests if the Court denied the motion to stay. On March 10, 2014, the Court denied the motion to stay.

The Court now considers the adequacy of TPW's discovery responses. The Court directs TPW to comply with Eucker's discovery requests. Generally, parties may seek discovery of any relevant non-privileged information. V.R.C.P. 26(b)(1). A party that withholds information under a claim of privilege must do so explicitly and must describe the nature of the withheld information. V.R.C.P. 26(b)(5)(A). TPW's responses are too vague to support claims of privilege.

Similarly, merely stating that Eucker's requests are too broad, burdensome, or seek privileged information is not a sufficient response. Instead, to justify failing to respond or produce, TPW should have described why the specific request is too broad or overly burdensome. TPW may only withhold information based on a privilege by specifying which privilege protects the information, with sufficient information to allow the opposing party and the Court to evaluate if the privilege applies.

## **Order**

The Court **GRANTS** Eucker's motion to compel. TPW must supplement its discovery responses within 20 days.

Dated and signed electronically at Bennington, Vermont on March 24, 2014.

_____
John P. Wesley
Superior Court Judge